**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT DIEBEL,

    Plaintiff,                                      No. 08-13823
                                                               Hon. Gerald E. Rosen
v.                                                                 Mag. Donald A. Scheer

L&H RESOURCES, LLC, a Michigan
Limited Liability Company,

    Defendant.
_____/

**OPINION AND ORDER REGARDING PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION</u>**

                At a session of said Court, held in the
                U.S. Courthouse, Detroit, Michigan
                On <u>        July 12, 2010        </u>

           PRESENT:   Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

On February 17, 2010, this Court granted Defendant's Motion for Summary Judgment and entered judgment in Defendant's favor in this age discrimination suit. Pending before the Court is Plaintiff's Motion for Reconsideration, pursuant to Fed. R. Civ. P. 59(e) and Eastern District of Michigan Local Rule 7.1(h). For the reasons stated below, the Court will deny the motion.

I.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis*

by *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). That discretion, however, is limited: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence which was not available at trial, or (3) to correct a clear error of law or to prevent manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes*, 86 F. Supp. 2d at 726 (citing *Nagle Industries, Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999) (internal quotations omitted).

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

II.

Plaintiff filed this action on September 5, 2008, against Defendant L&H Resources, LLC, alleging that he was laid-off from his job as a bricklayer and not recalled back to work due to his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq.* The facts of this case are set forth in detail in the Court's February 17, 2010 Opinion and Order granting Defendant's Motion for Summary Judgment. Accordingly, they will not be repeated here.

In the course of discovery in this matter, Plaintiff learned that another entity known as Leidal & Hart Mason Contractors, Inc., which is related to the instant Defendant, L&H Resources, LLC, was also an employer of Plaintiff. By the time Plaintiff learned of this fact, it was too late for him to file a separate charge of discrimination against Leidal & Hart Mason Contractors with either the Equal Employment Opportunity Commission or the Michigan Department of Civil Rights, as required by 29 U.S.C. § 626. Plaintiff requested permission from Defendant to waive the EEOC/MDCR filing requirement and allow Plaintiff to amend the complaint to add Leidal & Hart Mason Contractors as a defendant to this case. Defendant denied the request. Plaintiff did not seek leave to join the company as a party and, to the extent that Leidal & Hart Mason Contractors could be considered a required party under Fed. R. Civ.

P. 19(a), Plaintiff did not plead reasons for non-joinder.[1] Instead, Plaintiff filed a separate suit against Leidal & Hart Mason Contractors in Wayne County Circuit Court on November 3, 2009. The state court complaint asserted identical factual allegations, but limited its legal claims to violations of ELCRA's prohibitions against age discrimination. Specifically, Plaintiff claimed that Leidal & Hart Mason Contractors violated ELCRA in its refusal to recall plaintiff from the same lay-off which is at issue in the instant case. The case was assigned to the Honorable Michael Sapala and given the case number 09-

---

[1] Rule 19(a)(1) provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1). The Sixth Circuit has explained:

> Rule 19, of course, provides criteria for determining whether an unjoined party's interests are sufficiently substantial that a court should not proceed to a decision on the merits in its absence. Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court. A failure to meet this burden results in the necessity of either joinder or dismissal.

*Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 478 (6th Cir. 1972). In this case, the initial "appraisal of the facts" made no mention of Leidal & Hart Mason Contractors. Plaintiff noted the existence of this related corporate entity in a footnote to its response to Defendant L&H Resources, LLC's Motion for Summary Judgment. (*See* Dkt. # 44) ("Plaintiff claims that he was also employed by a related entity, Leidal & Hart Mason Contractors, Inc. Because the defendant refused to stipulate to the addition of Leidal & Hart Mason Contractors, Inc. to the instant action, plaintiff subsequently filed suit against Leidal & Hart Mason Contractors, Inc. in the Wayne County Circuit Court, where that action is still pending."). Plaintiff did not specify the nature of Leidal & Hart Mason Contractors' interests in the present action.

026996-CD. At the same time, Defendant's previously-filed motion for summary judgment was pending in the instant federal action. (*See* Dkt. # 27.)

On December 1, 2009, in lieu of answering the complaint in the state court action, Leidal & Hart Mason Contractors filed a motion for summary disposition. The summary disposition motion is identical in all relevant respects to Defendant's motion for summary judgment that was filed in the federal court action. (*Compare* Dkt. #27 with Pl.'s Mot. for Reconsideration, Ex. B.)[2] At a hearing in state court on January 8, 2010, Judge Sapala denied the motion while the Motion for Summary Judgment before this Court was still pending. However, an order reflecting this disposition was not entered in state court until January 25, 2010. For reasons unknown to Plaintiff, true copies of the signed order were not immediately mailed to Plaintiff. Plaintiff never alerted this Court to the parallel proceedings apart from noting that a complaint had been filed and apparently did not know that an order had been entered in the state court until after this Court entered summary judgment in Defendant's favor on February 17, 2010. Thus, identical claims based on the identical set of facts, albeit against two different defendants and at different stages in the litigation, were pending in parallel state and federal court actions and were subject to nearly identical dispositive motions.[3]

---

[2] The same counsel represents both L & H Resources, LLC, and Leidal & Hart Mason Contractors, Inc.

[3] It is unclear whether any additional discovery was conducted in the state court action. The summary disposition motion was filed at the pleading stage, whereas the federal court summary judgment motion was filed after months of discovery.

In his Motion for Reconsideration, Plaintiff now argues that this Court should reconsider its February 17, 2010 Opinion and Order in light of the first-decided decision of the state court involving the same case or controversy. Plaintiff further argues that Defendant's Motion for Summary Judgment was wrongly decided and the product of palpable error.

III.

**A.**     **Impact of State Court Decision**

First, the Court assesses whether the fact of the first-decided decision in favor of Plaintiff in state court arising out of the same controversy requires that this Court reconsider its determination of the Motion for Summary Judgment in Defendant's favor or set aside the Opinion and Order altogether. As a general rule, the existence of a case in one court does not defeat jurisdiction in another. On the contrary, where a parallel state action involving a similar case or controversy decides a particular issue, it has long been established that a federal court has a duty "to exercise its independent judgment as to the relative rights and obligations of the parties." *Kuhn v. Fairmount Coal Co.*, 215 U.S. 349, 360-61, 30 S. Ct. 140 (1910) (Harlan, J.). Even when the issue resolved is one involving administration of state law, "the jurisdiction of the Federal court is an independent one, not subordinate to, but coordinate and concurrent with, the jurisdiction of the state courts." *Id.* at 360. However, this independent judgment must be exercised "with a leaning . . . for the sake of harmony, to an agreement with the state court, if the question of [state] law involved was deemed to be doubtful." *Id.* at 361.

In this case, both federal and state law claims were asserted in the federal court action, while only state law claims were asserted in the state court action. The state law claims for both cases did not turn on doubtful questions of law. Thus, this Court was under no obligation to "agree" with the state court's findings or even necessarily to "lean" towards agreement. Rather, the Court retained its jurisdiction and its duty to exercise independent judgment over the facts.

Plaintiff cites *Proch v. DeRoche*, No. 3:08-cv-484, 2009 WL 1748113 (N.D. Fla. 2009) and *Wisoff v. City of Schenectady*, No. 1:07-CV-34, 2009 WL 606139 (N.D.N.Y. 2009) for the principle that federal courts should avoid the potential for conflict between their rulings and those of state courts in parallel-running cases. *Proch*, however, involved a plaintiff bringing a Fourth Amendment excessive force complaint against police officers in federal court without specifying whether criminal proceedings arising out of the same events were pending in state court. 2009 WL 1748113, at *3. The *Proch* court stated, in *dicta,* that the *Younger* Abstention Doctrine would prevent the court from enjoining or interfering with pending state criminal prosecutions should such prosecutions exist. *Id.* Any discussion of the *Younger* Abstention Doctrine is obviously irrelevant in this case, where the parallel state action before Judge Sapala is a civil suit between private parties and where this Court's decision in no way enjoins or otherwise encumbers the state court's progress. The second case on which Plaintiff relies, *Wisoff*, involves a motion to remand from federal court a constitutional challenge to a state housing ordinance. 2009 WL 606139, at *3-4. The *Wisoff* court considered whether it

7

should exercise its discretion and decline supplemental jurisdiction over plaintiff's state law claims, while keeping jurisdiction over only the federal law claims. *Id.*, at *4. Ultimately, the court found that the plaintiff's state law claims regarding the constitutionality of the housing ordinance under New York law were more appropriately venued in state court and not for the district court to determine. *Id.* at *5. This holding is also irrelevant here, since *Wisoff* was strictly concerned with the balance of federal and state law claims in a motion to remand. No motion to remand was ever filed in this case and the issue before the Court was never whether Plaintiff's ELCRA's claims might be better resolved in a state court.

Finally, to the extent that Plaintiff argues that some other form of abstention should play a role in the Court's assessment of whether to reconsider its judgment closing this case, the Court finds such arguments logically problematic. The Court's February 17, 2010 Opinion and Order closed this case and ended the Court's jurisdiction over the matter. To argue that abstention principles or comity more broadly should somehow compel the Court to retroactively set aside its judgment sends this Court down the figurative rabbit hole. Plaintiff asks the Court to cast itself back to February 2010 and consider ill-defined abstention arguments that were never before the Court in the first place. If abstention doctrine was relevant insofar as the parties were concerned about duplicative litigation, it should have been raised prior to this Court's disposition of the Motion for Summary Judgment. Although Plaintiff noted in a footnote that a state action was pending against a related corporate entity when he responded to Defendant's motion

for summary judgment, he in no way suggested that the state court action should dictate the outcome of the earlier-filed federal court action. Indeed, Plaintiff deliberately availed himself of the jurisdiction of both courts—he cannot now challenge this Court's jurisdiction *nunc pro tunc*, because the outcome in the state court case may be more favorable.

**B.     Palpable Defect**

The Court now turns to whether "palpable" defects exist to justify reconsideration under E.D. Mich. Local Rule 7.1(h). Plaintiff argues that since Judge Sapala reviewed an identical motion and found in favor of Plaintiff, while this Court found otherwise, reasonable minds could differ as to the weight of the evidence. Plaintiff further argues that this Court erred by: (1) finding no direct evidence of discrimination; (2) finding that Plaintiff had failed to establish a *prima facie* case; and (3) finding that Plaintiff had failed to establish that Defendant's reasons for laying him off were mere pretext for age discrimination.

### 1. Judge Sapala's Ruling on the Motion for Summary Disposition Does Not Alone Establish that Genuine Issues of Fact Exist on the Motion for Summary Judgment.

The fact that Judge Sapala reached a different conclusion after considering the motion for summary disposition does not establish that a different outcome was warranted in this case where the motion for summary disposition in the state court action was filed at the pleading stage in lieu of an answer, while the motion for summary judgment in the federal court action was filed at the close of discovery.

As a general matter, dispositive motions filed early in litigation are rarely granted under Michigan law:

> A motion based on lack of a genuine issue of material fact (Mich. Comp. Laws § 2.116(C)(10)) most often should wait until after or near the end of discovery. This type of motion involves analysis of factual material. Usually it is necessary to have a full exploration of the facts through discovery so that there can be no argument that further discovery will unearth facts relevant to decision of the motion.

2 Corrigan, *et al.*, Mich. Prac. Guides: Civil Proc. Before Trial § 7:387; *see also Townsend v. Chase Manhattan Mortgage Corp.*, 254 Mich. App. 133, 140, 657 N.W.2d 741 (2002) (stating that a motion for summary disposition under Mich. Comp. Laws § 2.116(C)(10) is generally premature if discovery has not yet closed, unless there is no fair likelihood that further discovery would yield support for the nonmoving party's position). By contrast, there is no presumption in favor of denying dispositive motions at the close of the discovery. As one Michigan court, perhaps somewhat inelegantly but accurately, put it, "once discovery is closed the summary disposition hearing becomes the 'put up or shut up' stage of the proceeding, and if there is no factual support for a claim, it will not continue." *Pena v. Ingham County Road Com'n*, 255 Mich. App. 299, 660 N.W.2d 351 (2003) (citing *Albiero v. Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000); *Cox v. Kentucky Dep't of Transportation*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. AMC Entertainment, Inc.*, 232 F.Supp.2d 1092, 1118 (C.D. Cal. 2002)). Furthermore, in federal courts, the landmark decisions of *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475

U.S. 574, 106 S. Ct. 1348 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986), and *Celotex Corp v. Catrett*, 477 U.S. 317, 324-25, 106 S. Ct. 2548 (1986), ushered in a "new era" in the standards of review for a summary judgment motion.[4] Under the so-called *Celotex* trilogy, federal trial courts have more discretion in evaluating the non-moving party's evidence. *Betkerur v. Aultman Hospital Assoc.*, 78 F.3d 1079, 1087 (6th Cir. 1996). *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). After there has been sufficient opportunity for discovery, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Betkerur*, 78 F.3d at 1087. Further, "'[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'" *Id.*

In this case, the Court painstakingly reviewed the entire body of evidence at the close of litigation and found that Plaintiff could not carry his burden at trial under the standards dictated by *Celotex* and its progeny—he failed to show sufficient evidence that would convince a trier of fact to accept his version of events.[5] Even if the parties

---

[4] "Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials." 10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure, § 2727, at 35 (1996 Supp.).

[5] Plaintiff makes much of the fact that he was not afforded an opportunity for oral argument. However, under local rules, the decision to hold a hearing on a motion is

presented a similar record in the state court action, Judge Sapala may have adduced that further discovery could have produced a stronger case. In the federal action, the time for further discovery was fully exhausted and this Court was constrained to assess the plausibility of Plaintiff's claims as presented. In light of this distinction, the disposition of the motion in state court does not establish grounds to revisit this Court's opinion and order on the motion for summary judgment. The two motions, substantively very similar and reviewed under analogous standards, were decided at starkly different stages in the litigation.

### 2. Plaintiff's remaining claims merely restate issues already ruled upon by the Court.

With regard to Plaintiff's remaining arguments concerning the Court's legal determinations that Plaintiff failed to proffer direct evidence of age discrimination, establish a *prima facie* case and/or establish pretext, Plaintiff has merely presented the same issues already ruled upon by the Court, either expressly or by reasonable implication. Hence, these arguments do not warrant reconsideration.

Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [Dkt. # 55] is **DENIED**.

Dated: July 12, 2010                    s/ Gerald E. Rosen
                                        Chief Judge, United States District Court

---

soundly within the Court's discretion. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2010, by electronic and/or ordinary mail.

                        s/Ruth A.Gunther
                        Case Manager
                          (313) 234-5137